IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 8051 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| INTERNATIONAL UNION OF | ) | |
| ELEVATOR CONSTRUCTORS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants, International Union of Elevator Constructors ("IUEC") and IUEC Local 2 ("Local 2"), move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for the entry of an order of summary judgment in their favor and against Plaintiff, Anthony Lynch. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). For the reasons that follow, Defendants' motions are granted.

### I. Background

At all times relevant to this proceeding, Lynch worked as an elevator mechanic and the terms and conditions of his employment were governed by a series of collective bargaining agreements ("the CBA") negotiated between the IUEC and employers engaged in the elevator industry. (IUEC's L.R. 56.1 ¶ 3.) Prior to 1999, Lynch successfully completed a probationary period with Defendants and became a "helper" mechanic. (IUEC's L.R. 56.1 ¶ 4.) In 2000,

Lynch became a "qualified" mechanic when he passed Defendants' mechanic's examination. (IUEC's L.R. 56.1 ¶ 12.) Lynch had failed this examination twice before but passed in 2000 when he was given unlimited time to take the exam and assistance in reading questions. (IUEC's L.R. 56.1 ¶¶ 6-7, 10-12.) Lynch received extra time and assistance in order to accommodate his recently diagnosed dyslexia. (IUEC's L.R. 56.1 ¶¶ 8, 10-11.)

As a "qualified" mechanic, Lynch participated in Defendants' employee referral system. (IUEC's L.R. 56.1 ¶ 13.) The employee referral system, established under the CBA, allows an employer seeking to hire a mechanic to review Local 2's out-of-work list and choose, in the employer's sole discretion, the individual it wants to hire. (Id.) Under the referral system, neither the IUEC nor Local 2 control who an employer hires. (IUEC's L.R. 56.1 ¶ 14.) Under the CBA, members may also seek their own employment opportunities outside of the referral system. (IUEC's L.R. 56.1 ¶ 15.)

In 2000, an employer named Mid-America Inc. hired Lynch. (IUEC's L.R. 56.1 ¶ 16.) In June 2002, Mid-America Inc. fired Lynch when he became involved in an altercation on the job. (IUEC's L.R. 56.1 ¶ 17.) This was not the only time that Lynch was terminated for violent incidents on the job. (IUEC's L.R. 56.1 ¶ 20.) Nonetheless, in November 2002, Lynch filed a grievance against Mid America Inc. alleging wrongful termination. (IUEC's L.R. 56.1 ¶ 18.) Lynch was advised by union officials that his complaints lacked merit. (IUEC's L.R. 56.1 ¶ 19.) At that time, Local 2 officials contacted various employers to determine why Lynch had not been hired from the list. (Local 2's L.R. 56.1 ¶ 26.) After hearing back from the employers, Local 2 officials decided to remove Lynch's name from the referral list until Lynch successfully completed an anger management program. (IUEC's L.R. 56.1 ¶ 21; Local 2's L.R. 56.1 ¶ 27.)

Several weeks later, Lynch submitted a statement, purportedly from his anger management counselor, indicating that Lynch had satisfactorily completed therapy. (Local 2's L.R. 56.1 ¶ 27.) When confronted by Local 2 officials, however, Lynch admitted to forging his counselor's signature. (Id.)

Upset over his removal from the referral list, Lynch filed various charges with the Equal Employment Opportunity Commission ("EEOC") and the National Labor Relations Board ("NLRB"). (IUEC's L.R. 56.1 ¶¶ 24-26.) On November 12, 2003, Lynch filed an employment discrimination complaint with this Court, alleging age discrimination, violation of the Americans with Disabilities Act ("ADA"), violation of the National Labor Relations Act ("NLRA"), and illegal retaliation. On May 31, 2005, Defendants filed motions for summary judgment accompanied by Local Rule 56.1(a) statements of material facts. Lynch did not respond to Defendants' motions.

## II. Discussion

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Sinkler v. Midwest Prop. Mgmt. Ltd. P'ship*, 209 F.3d 678, 683 (7th Cir. 2000). On summary judgment, the Court must view the evidence, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). However, if the nonmovant bears the burden of proof on an issue he may not simply rest on the pleadings, but rather must

affirmatively set forth specific facts establishing the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322-26; *Burrell v. City of Mattoon*, 378 F.3d 642, 646 (7th Cir. 2004). If taking the record in its entirety cannot lead a rational trier of fact to find for the nonmoving party, then there is no genuine issue for trial and summary judgment must be granted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In the Northern District of Illinois, a party moving for summary judgment and a party opposing a motion for summary judgment must comply with Local General Rule 56.1. *Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108-09 (7th Cir. 2004); *Malec v. Sanford*, 191 F.R.D. 581, 582-87 (N.D. Ill. 2000). Local General Rule 56.1(a)(3) requires that a moving party's motion for summary judgment be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law. Local R. 56.1(a)(3). Local General Rule 56.1(b) requires that a party opposing a motion for summary judgment file a memorandum in opposition to the motion and a concise response to the movant's statement of material facts. Local R. 56.1(b)(2)-(3). Per Local General Rule 56.1(b)(3)(B), "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local R. 56.1(b)(3)(B). Lynch did not file a memorandum in opposition to Defendants' motions for summary judgment, nor did he respond to Defendants' statements of material fact. Accordingly, all material facts set forth in Defendants' statements of material fact are deemed to be admitted by Lynch.

### A. Counts I and II

#### 1. Allegations against the IUEC are barred.

Counts I and II of Lynch's Complaint include allegations of disability and age discrimination by the IUEC. Prior to filing complaints of unlawful employment actions in federal court, Lynch must exhaust his administrative remedies, namely filing a complaint with the EEOC. 42 U.S.C. § 2000e-5(f); *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). In Illinois, an individual filing a discrimination complaint with the EEOC must do so within 300 days of the alleged unlawful employment action. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997). Failure to file a timely complaint with the EEOC bars litigation over those claims. 42 U.S.C. § 2000e-5(e); *Speer*, 123 F.3d at 662. Lynch filed discrimination and retaliation charges with the EEOC against Local 2 on October 10, 2003, (Pl.'s Compl. at Ex. 1), and received a Notice of Right to Sue on October 20, 2003. (Pl.'s Compl. at Ex. 2.) Lynch does not claim, and no evidence suggests, that he ever filed a discrimination charge against the IUEC with the EEOC. (IUEC's L.R. 56.1 ¶¶ 24-25.) Accordingly, Lynch's age and disability discrimination claims against the IUEC are barred and must be dismissed. *See Casteel v. Exec. Bd. of Local 703 of the Int'l Bhd. of Teamsters*, 272 F.3d 463, 466 (7th Cir. 2001); *Speer*, 123 F.3d at 662.

## 2. Allegations against Defendants fail.

### a. Count I

In Count I of his Complaint, Lynch alleges that Defendants discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). In his Complaint, Lynch does not suggest that he suffered discrimination because of the "disparate impact" of a neutral policy but rather that he suffered "disparate treatment," i.e., intentional discrimination. Under the ADEA, Lynch may prove intentional discrimination by producing direct evidence of age discrimination by his employer or by utilizing an indirect burden-shifting approach. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sirvidas v. Commonwealth Edison Co.*, 60 F.3d 375, 377-78 (7th Cir. 1995). The indirect burden-shifting approach requires that Lynch present a *prima facie* case by showing that (1) he was a member of the protected age group; (2) he performed his job satisfactorily; (3) he was subject to a materially adverse employment action; and (4) younger employees were treated more favorably. *Sirvidas*, 60 F.3d at 377-78. Once Lynch's *prima facie* case is established, Defendants have the burden of providing a nondiscriminatory explanation for their actions. *Id.* If Defendants do so, the burden shifts back to Lynch to present evidence that Defendants' proffered reasons are a pretext for discrimination. *Id.*

Lynch presents no evidence or argument of "disparate impact" and no evidence of "disparate treatment." Lynch's Complaint suggests that he performed his job satisfactorily and was treated differently than younger union members because of his age, (Pl.'s Compl. at 2), but Lynch presents no evidence in support of this claim. At summary judgment, the party who bears the burden of proof on an issue may not rest on the pleadings but must demonstrate that there is a

genuine issue of material fact that requires trial. *Burrell*, 378 F.3d at 646. It follows that Lynch's Count I fails to establish a *prima facie* case of employment discrimination. Furthermore, Defendants bring uncontested evidence showing that (1) under the CBA, employers, not Defendants, decided whether to hire or fire Lynch; and (2) as a result of violent, on the job incidents, Lynch did not perform his job to his employer's legitimate expectations and was ultimately removed from the Defendants' employee referral system. (IUEC's L.R. 56.1 ¶¶ 14, 17, 20; Local 2's L.R. 56.1 ¶¶ 26-27.) Thus, even if Lynch could establish a *prima facie* case for Count I, Defendants present uncontested material facts that successfully rebut it. In sum, Lynch fails to demonstrate a genuine issue of material fact with regard to his allegations of age discrimination against either the IUEC or Local 2 so Count I fails.

b. Count II

In Count II of his Complaint, Lynch alleges that Defendants discriminated against him because he is disabled, in violation of the ADA, 42 U.S.C. § 12112. Under the ADA, Lynch may demonstrate discrimination by showing a failure to accommodate or by presenting evidence of "disparate treatment." *Basith v. Cook County*, 241 F.3d 919, 927 (7th Cir. 2001); *Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1021-22 (7th Cir. 1997). In a failure to accommodate case Lynch must show that (1) he was disabled; (2) his employer was aware of his disability; (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position; and (4) his employer failed to reasonably accommodate his disability. *Basith*, 241 F.3d at 927. In a "disparate treatment" case Lynch may present direct evidence of discrimination or utilize the indirect burden-shifting approach

discussed in the ADEA context above. *Sieberns*, 125 F.3d at 1022. In order to establish a *prima facie* case of discrimination under the indirect burden-shifting approach Lynch must show that (1) he was disabled; (2) he was qualified to perform the essential functions of his job with or without reasonable accommodations; and (3) he suffered an adverse employment decision because of the disability. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004).

Defendants deny that Lynch is disabled under the ADA. To be disabled under the ADA, the Court must find that (1) Lynch has an impairment; (2) a life activity that Lynch claims has been substantially limited constitutes a major life activity under the ADA; and (3) the impairment substantially limits one of Lynch's major life activities. *Bragdon v. Abbott*, 524 U.S. 624, 631-32 (1998); *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 449 (7th Cir. 2001). In 1999, Lynch was diagnosed with dyslexia and was prescribed and began taking Prozac. (IUEC's L.R. 56.1 ¶ 8.) Lynch does not, however, offer any evidence or argument as to which of his major life activities has been substantially limited or how.[1] Because Lynch does not present sufficient supporting evidence, the Court finds that Lynch is not disabled under the ADA and cannot state a claim under the ADA.

Even if Lynch is disabled under the ADA, his claims fail, as he presents no direct or indirect evidence in support of his claim. *See Burrell*, 378 F.3d at 646. Furthermore, as noted above, Lynch admits to facts that demonstrate that (1) Defendants were not responsible for adverse employment actions against him; (2) Lynch did not meet his employer's legitimate job performance expectations; and (3) Defendants accommodated Lynch's learning disabilities by

---

[1] The Court notes that Lynch's ability to work has not been substantially limited, as Lynch admits that his dyslexia did not affect either his physical or mental ability perform work in the elevator industry. (IUEC's L.R. 56.1 ¶ 9.)

allowing him extra time during his mechanic's examination. (IUEC's L.R. 56.1 ¶¶ 10-11, 14, 17, 20.) Thus, Lynch's lack of direct evidence or a *prima facie* case and Defendants' nondiscriminatory explanation provide additional grounds for dismissing Count II.

### B.     Count III

In Count III of his Complaint, Lynch alleges that Defendants violated the NLRA. Specifically, Lynch alleges unfair practices in operation and spending, failure to represent him in grievance procedures, failure to assist him in employment, making threats against him, and disparaging him. (Pl.'s Compl. at 4-5.) Lynch offers no argument or evidence in support of these claims.

The NLRB, not the federal courts, has jurisdiction over alleged violations of the NLRA. *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 50 (1998); *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245-46 (1959); *Keehr v. Consol. Freightways of Del., Inc.*, 825 F.2d 133, 136 (7th Cir. 1987). Federal courts may, however, resolve statutory claims under the NLRA to the extent that their resolution is necessary for a decision on a plaintiff's duty of fair representation claim. *Marquez*, 525 U.S. at 50; *Communications Workers v. Beck*, 487 U.S. 735, 743 (1988). Lynch presents neither evidence nor argument that his statutory claims under the NLRA are collateral to duty of fair representation claims. While it appears that Lynch filed various charges with the NLRB, no charges have been issued by the NLRB on any of Lynch's claims and Lynch presents no evidence regarding the nature or substance of those claims. (IUEC's L.R. 56.1 ¶ 27.) Accordingly, to whatever extent Lynch's claims allege violations of the NLRA, this Court lacks jurisdiction to resolve them.

Lynch claims that Defendants breached their duties of fair representation. Defendants breach their duty of fair representation if their actions are either arbitrary, discriminatory, or in bad faith. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991); *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995). Defendants' actions are arbitrary only if the actions can be characterized as so far outside the range of reasonableness as to be irrational. *Air Line Pilots Ass'n*, 499 U.S. at 78; *Filippo v. N. Ind. Pub. Serv. Corp.*, 141 F.3d 744, 748-49 (7th Cir. 1998). Thus, only an egregious disregard for Lynch's rights constitutes a breach of Defendants' duties. *Garcia*, 58 F.3d at 1176. Finally, Lynch must also establish that he was harmed by Defendants' actions. *Id.*

Lynch's breach of duty claims fail for lack of evidence. Lynch provides no dates, argument, or evidence regarding alleged violations of Defendants' duties of fair representation and therefore fails to establish that Defendants acted in an arbitrary, discriminatory, or bad faith manner. *See Burrell*, 378 F.3d at 646. Because Lynch does not provide any evidence of Defendants' breach of duty of fair representation Count III fails.[2]

---

[2] Defendants argue that Lynch's breach of duty claims fail for procedural reasons as well. Procedurally, Lynch has six months from the time he knew, or should have known, of an alleged breach of duty to file his claim. *Flores v. Levy Co.*, 757 F.2d 806, 808-09 (7th Cir. 1985) (citing *DelCostello v. Teamsters*, 462 U.S. 151 (1983)). *See also Ratkosky v. United Transp. Union*, 843 F.2d 869, 873 (6th Cir. 1988). According to Defendants, the CBA went into effect on September 1, 2002, but Lynch did not file his suit until November 12, 2003, more than eight months after the statute of limitations ran. (IUEC's Br. at 10.) Defendants do not produce any evidence of the September 1, 2002, enactment date, however, so this argument fails.

### C.  Count IV

In Count IV of his Complaint, Lynch alleges that Defendants retaliated against him after he complained of discrimination. Employers are prohibited from retaliating against employees for complaining about discrimination or other practices that violate Title VII. 42 U.S.C. 2000e-3(a); *Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003). Lynch may establish a *prima facie* case of retaliation and overcome Defendants' motions for summary judgment using either a direct or indirect method. *Sitar*, 344 F.3d at 728. Under the direct method, Lynch must present direct evidence of (1) a statutorily protected activity; (2) an adverse action taken by the employer; and (3) a causal connection between the two. *Id.* Under the indirect method, Lynch must show that (1) he engaged in a statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) despite his satisfactory job performance, he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Id.* If Lynch can establish these elements, the burden will shift to Defendants to come forward with a legitimate, noninvidious reason for their adverse actions. *Id.*

Lynch presents no argument or evidence in support of a *prima facie* claim. Furthermore, Lynch admits to facts that demonstrate that (1) Defendants were not responsible for adverse actions taken by employers; (2) Lynch did not perform his job in a satisfactory manner; and (3) representatives of Local 2 have found work opportunities for Lynch, which he has declined. (IUEC's L.R. 56.1 ¶¶ 14, 17, 20, 28.) For these reasons, Lynch's Count IV fails.

### III. Conclusion

For the reasons stated above, Defendants' motions for summary judgment are granted.

**ENTER ORDER:**

                                      **MARTIN C. ASHMAN**

Dated: November 22, 2005.           United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| JAMES W. HOLMAN, Esq.<br>Law Offices of James W. Holman<br>445 West Jackson Avenue<br>Suite 107<br>Naperville, IL  60540 | MARVIN GITTLER, Esq.<br>Asher, Gittler, Greenfield & D'Alba, Ltd.<br>200 West Jackson Boulevard<br>Suite 1900<br>Chicago, IL  60606<br><br>ROBERT MATISOFF, Esq.<br>LOUIS P. MALONE, III, Esq.<br>KEITH R. BOLEK, Esq.<br>O'Donoghue & O'Donoghue, L.L.P.<br>4748 Wisconsin Avenue, N.W.<br>Washington, D.C.  20016 |
| Attorney for Plaintiff | Attorneys for Defendants |